**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION A/S/O EFRAIN MARTINEZ, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  SA-13-CV-83-XR |
| CATERPILLAR INC., | § § § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered Defendant Caterpillar Inc.'s Motion to Designate Responsible Third Party (Doc. No. 8). The motion seeks to designate Eduardo Sanchez and his employer as responsible third parties. For the following reasons, the motion is granted.

**Facts and Analysis**

Plaintiff Liberty Insurance Corporation, as subrogee of Efrain Martinez, is seeking to recover damages for injuries that Efrain Martinez allegedly sustained on January 13, 2011 at a jobsite in El Campo, Texas. Plaintiff alleges that the bucket of a Caterpillar excavator machine struck Efrain Martinez in the lower back and that the impact caused him to suffer permanent and debilitating injuries. Plaintiff filed this lawsuit in state court against Defendant Caterpillar Inc. asserting a cause of action for negligence and a cause of action for strict liability predicated on allegations of defective design, manufacturing defect, and failure to adequately warn.

1

Under section 33.011 of the Texas Civil Practice and Remedies Code, a "responsible third party" is defined as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6). It is undisputed that Eduardo Sanchez was operating the excavator at the time of the incident. Defendant argues that to the extent any damages were suffered as a result of the incident, the damages were caused by Eduardo Sanchez's inadvertent manipulation of the excavator's controls or, alternatively, by Eduardo Sanchez's employer's failure to properly train and supervise him. Accordingly, Defendant seeks to designate Eduardo Sanchez and his employer as responsible third parties.

Texas Civil Practice and Remedies Code section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
....

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
....

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
    (1) does not by itself impose liability on the person; and
    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

TEX. CIV. PRAC. & REM. CODE § 33.004. Pursuant to section 33.004(h), by granting a motion for leave to designate a person as a responsible third party, the person is designated as a responsible third party for purposes of chapter 33 (including submission to the jury under section 33.003[1]) without further action by the court or any party.[2]

Defendant has timely filed its motion for leave to designate responsible third parties under the statute and the Court's scheduling order. Since no objections to the motion were filed within 15 days of the motion being filed and served on Plaintiff's counsel via certified mail, the Court must grant the motion pursuant to section 33.004(f). The Court also notes that the motion may be granted as unopposed pursuant to Local Rule CV-7 because no timely response to the motion was filed.

Section 33.004(l) provides that, "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Should Plaintiff desire to file a motion under section 33.004(l), such a motion must be filed no later than the deadline for filing dispositive motions in the scheduling order.

---

[1] However, section 33.003 does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission.

[2] Before the 2003 amendments to section 33.004, responsible third parties were joined as parties to the suit. However, since the 2003 amendments, responsible third parties are designated, not joined.

**Conclusion**

Defendant's Motion to Designate Responsible Third Party (Doc. No. 8) is GRANTED.

Eduardo Sanchez and his employer are hereby designated as responsible third parties.

It is so ORDERED.

SIGNED this 20th day of June, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4