**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LIBERTY INSURANCE CORP., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-083-XR |
| | § | |
| CATERPILLAR, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

On this day, the Court considered Defendant Caterpillar Inc.'s motion to exclude expert testimony. Doc. No. 25.  After careful consideration that motion is GRANTED.   In addition, the Court has considered Caterpillar's motion for summary judgment.   Doc. No. 26. That motion is GRANTED and the case hereby DISMISSED.

## BACKGROUND

This case arises out a work-place accident that injured Efrain Martinez.  On January 13, 2011, Mr. Martinez was working on a construction project when he was struck in the lower back by a portion of a 320-CL Caterpillar excavator, a piece of heavy machinery that was being operated by his colleague, Eduardo Sanchez.   It is undisputed that Mr. Martinez was engaged in manual labor within the "swing-radius" of the excavator when Mr. Sanchez accidently moved the joystick that controls the bucket, causing it to strike Mr. Martinez and pin him to the ground.  Mr. Martinez, who suffered physical injuries as a result of the accident, subrogated his rights to Plaintiff, Liberty Insurance Company.  On January 2013, Plaintiff

1

filed an original petition in 25th District Court of Guadalupe County, Texas.  *See* Orig. Pet. Doc. No. 1, Ex. 1.   Plaintiff initially asserted causes of action against Caterpillar, the manufacturer of the excavator, for: (1) negligence, (2) strict liability – design defect, (3) strict liability – manufacturing defect; and (4) strict liability – failure to warn.  *Id.*   The core of Plaintiff's claim is that the excavator was defective because it lacked adequate features to prevent an operator from inadvertently moving the bucket.  *Id.*   On February 6, 2013, Defendant removed the case to this Court.  Doc. No. 1.   Subject matter jurisdiction exists under 28 U.S.C. § 1332.  On June 9, 2014, Defendant filed a motion to exclude Plaintiff's expert, Christopher Ferrone.  Doc. No. 25.   Defendant has also moved for summary judgment. Doc. No. 26.

## DISCUSSION

### 1.  Motion to Exclude Christopher Ferrone

Defendant seeks to exclude the expert testimony of Christopher Ferrone, Plaintiff's proffered expert on the excavator's design.  Doc. No. 25.   Rule 702 of the Federal Rules of Evidence provides for the admissibility of expert testimony if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702.   As a preliminary matter, the Court must determine whether the proffered witness qualifies as an expert. "Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting FED. R. EVID. 702).

If the expert is qualified, then the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) provides the analytical framework for determining the admissibility of expert testimony.   *Daubert* requires the district courts to act as "gatekeepers" to ensure expert testimony meets Rule 702's standards.  *Id.* at 589.   This entails ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Id.* at 597; *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) ("In short, expert testimony is admissible only if it is both relevant and reliable").

The reliability inquiry entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and can be properly applied to the facts.  *Id*. at 592-593.  In *Daubert*, the Supreme Court enumerated five non-exclusive factors to consider when assessing whether the proffered expert's methodology is reliable.   These factors are: (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Id*.  at 593–94; *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).  The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *see also* Fed. R. Evid. 104.

As an initial matter, Plaintiff has not responded to this motion, and has therefore not met its burden of showing by a preponderance of evidence that Mr. Ferrone's testimony should be admissible.  In addition, the Court has reviewed Mr. Ferrone's report and deposition

transcript, and independently concludes that several of his opinions are not based on a reliable methodology and must be excluded. Although Mr. Ferrone does not attach his curriculum vitae or resume to his expert report, it appears from his deposition testimony that Mr. Ferrone has significant experience in the accident reconstruction field.  See generally, Ferrone Depo, Doc. No. 26, Ex. A.  Although one could argue that accident reconstruction and the design of heavy machinery are distinct fields, the Court will assume for the sake of argument that Mr. Ferrone is qualified to testify in this case.

Nevertheless, Mr. Ferrone's opinion that there were safer alternative designs at the time the subject excavator was manufactured is not based on sound methodology and must be excluded.[1]  To begin, Mr. Ferrone admits that he does not know when the Caterpillar 320CL was designed.  Ferrone Depo at 92:6-10.   This alone does not render Mr. Ferrone's testimony unreliable because the relevant time frame for assessing the feasibility of an alternate design is the date the product was manufactured, not designed. *See Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 746 (Tex. 1980) ("Whether a product was defectively designed must be judged against the technological context existing at the time of its manufacture.").   That said, this lack of background knowledge immediately calls into question the reliability of any subsequent opinion on alternate design inasmuch as it suggests that Mr. Ferrone, an accident reconstruction expert, does not know the history of excavator design and development as well as an expert should.

In this case, it is undisputed that the subject excavator was manufactured in 2006. Notably, in his deposition, Mr. Ferrone could not identify any other excavator manufactured in

---

[1] This opinion is relevant to Plaintiff's design defect claim, which requires showing a safer feasible alternate design. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

2006 that possessed the safety features he now opines were feasible at the time.  Ferrone Depo at 112:5-8.  Most problematic is the fact that, to arrive at the opinion that the safety features were feasible in 2006, Mr. Ferrone appears to rely upon what is *currently* available on the market.  Since the inquiry is focused on what was feasible at the time the product was manufactured, an opinion based upon what is on the market today has the potential to mislead the jury.  Compounding the reliability problem is Mr. Ferrone's candid admission that he has not reviewed any of the schematics or engineering drawings pertaining to the Caterpillar 320 CL.  Ferrone Depo at 210: 13-16.  That being the case, any opinion that it would have been feasible for Caterpillar to include the safety features he suggests is unreliable because it has not been reached by employing the same rigorous methodology that an expert in designing heavy machinery would use when considering alternate designs.  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)(noting that the point of the *Daubert* analysis "is to make certain that an expert… employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field").  If Mr. Ferrone has not reviewed the engineering schematics for this design, he cannot offer a reliable expert opinion on the feasibility of alternate designs.    Defendant's motion to exclude is therefore GRANTED. Doc. No. 25.

### 2.  Motion for Summary Judgment

In its response to the motion for summary judgment, Plaintiff asserts that it is dropping its manufacturing defect and marketing defect claims.[2]  Doc. No. 27.    Plaintiff's negligence and strict liability-design defect claims remain pending.  Although both causes of action have

---

[2] Plaintiff repeatedly refers to its "failure to warn" claim.  In Texas, a failure to warn is a type of marketing defect. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997) (noting that "[a] defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect.").

significant  factual overlap, a party may pursue both a negligence and strict liability products claim predicated on the same theory of liability. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex. 1984) ("In Texas, a plaintiff can predicate a product liability action on one or more of at least three theories of recovery: (1) strict liability under § 402A, (2) breach of warranty under the U.C.C., and (3) negligence").  "Products liability focuses on the product; negligence focuses on the supplier's conduct." *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004); *see also Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978) ("Strict liability looks at the product itself and determines if it is defective. Negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production").

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

    *A. Strict Liability- Design Defect*

Strict liability applies to a product liability claim when the product is unreasonably dangerous due to "a defect in marketing, design, or manufacturing." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)). To recover for defective design under Texas law, a plaintiff must show: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). In Plaintiff's Original Petition, it enumerates several safety features, one of which it contends should have been included on the excavator. *See* Orig. Pet. However, at the summary judgment stage, Plaintiff has not produced sufficient evidence to generate a fact issue as to whether a safer alternative design existed.

In a design defect case, a safer alternative "must substantially reduce the risk of injury and be both economically and technologically feasible." *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 588 (Tex. 1999). As Defendant correctly notes, a plaintiff must also show that the alternative design does not "impose an equal or greater risk of harm." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W. 2d 328, 337 (Tex. 1998). Plaintiff has no evidence that any of the alternate designs it proposes satisfy these requirements. As a general proposition, design defect claims require expert testimony. *See Champion v. Great Dane Ltd. P'ship*, 286 S.W.3d 533, 538 (Tex. App.— Houston [14th Dist.] 2009, no pet.) ("Generally, the

requirements to prove a design defect necessitate competent expert testimony and objective proof that a defect caused the injury").   Here, the Court has ruled that Plaintiff's expert may not offer his opinion on the feasibility of alternative designs because his conclusions are not based on sound methodology.   In light of that decision, Plaintiff has no other evidence to generate a fact issue as to feasibility.   Accordingly, Defendant is entitled to summary judgment on Plaintiff's design defect claim.

B. *Negligence*

Plaintiff contends that Caterpillar was negligent for failing to include suitable safety features which would have disabled the excavator's bucket.   Orig. Pet. at 3-4.   "Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).

In its motion for summary judgment, Defendant argues that the proximate cause of Mr. Martinez's injury was the fact that Mr. Sanchez operated the excavator while Mr. Martinez was within the swing-radius of the bucket, despite the clear warnings not to do so.   Doc. No. 26.   These facts are undisputed.[3]   *See* Martinez Depo at 26: 11-15, Doc. No. 26. Ex. B However, tort law provides that an injury can have more than one proximate cause. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991) ("There may be more than one proximate cause of an event").  In its response to the motion for summary judgment, Plaintiff asserts in a conclusory fashion that Caterpillar's failure to install certain safety devices was the

---

[3] Moreover, Plaintiff's own proffered expert testified that he believed that Mr. Sanchez's ill-advised operation of the machinery was the proximate cause of the injury.  Ferrone Depoat 225:13-18.

proximate cause of Mr. Martinez's injury.   Doc. No. 27 at 11. Plaintiff, however, does not provide any *evidence* to support this contention. *See e.g., Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (noting that "unsupported speculation" is insufficient to generate a fact issue.")

The two elements of proximate cause are cause in fact and foreseeability. *Clark v. Waggoner*, 452 S.W.2d 437, 439 (Tex. 1970). "Cause in fact means the act or omission was a substantial factor in bringing about the injury and, without it, the harm would not have occurred." *First Assembly of God, Inc. v. Texas Utilities Elec. Co.*, 52 S.W.3d 482, 493 (Tex. App.—Dallas 2001, no pet.) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)).   Plaintiff asserts in its response that, had there been adequate safety devices on the excavator, Mr. Martinez's injury would not have occurred.   Doc. No. 27 at 11.   At the summary judgment stage, Plaintiff must produce some evidence to establish a genuine fact issue that a "substantial factor" in causing Mr. Martinez's injury was Caterpillar's failure to equip the subject excavator with adequate safety devices.   Plaintiff has not done so.   It is well settled that unsupported statements and conclusory assertions are insufficient to defeat summary judgment.   *See e.g., Freeman*, 369 F.3d at 860.   Plaintiff's response frequently declares that certain issues such as causation are fact questions that must be resolved by the jury without providing any evidentiary support to show the existence of a factual dispute.   *See Hanks v. Transcon. Gas Pipeline Corp.*, 953 F.2d 996, 996 (5th Cir. 1992) ("The conclusory allegation of the nonmovant that a factual dispute exists will not defeat a movant's otherwise properly supported motion for summary judgment").

None of the safety features that Plaintiff proposes permanently disable the use of the joystick to control the bucket.[4]  Instead, Plaintiff's proposed safety features work by ensuring that an individual is actually operating the machinery before they will allow the joystick to work.  The problem for Plaintiff is that, at the time of the accident, the only evidence shows that Mr. Sanchez was using the machinery.  *See* Martinez Depo at 24: 10-11.  Thus, there is no evidence that any safety feature would have actually been in use such that one could reasonably infer that the accident would not have occurred.  The Court is mindful that it must resolve all inferences in favor of Plaintiff as the non-movant.  But an inference alone cannot overcome a lack of evidence. Cf. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis omitted) (noting that at the summary judgment stage, courts resolve inferences *from the evidence* in favor of nonmovant).  As a result, Plaintiff has not met its burden of producing evidence sufficient to raise a factual question to counter Defendant's theory of proximate cause.  Accordingly, Defendant is entitled to summary judgment on Plaintiff's negligence claim.

## CONCLUSION

In light of the foregoing analysis, Defendant's motion for summary judgment is GRANTED.  Doc. No. 26.  The Clerk is directed to CLOSE this case and issue a judgment that Plaintiff takes nothing on its claims, which are hereby DISMISSED ON THE MERITS. Defendant is awarded costs of court and shall file a Bill of Costs in accordance with the local rules.

---

[4] If they did, they would render the excavator useless by preventing an operator from ever manipulating the bucket.

SIGNED this 1st day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE