IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION § <br> A/S/O EFRAIN MARTINEZ § <br> § <br> *Plaintiff*, § <br> § Civil Action No.  SA-13-CV-083-XR <br> v. § <br> § <br> CATERPILLAR INC. § <br> § <br> *Defendant*. § | |

## ORDER

On this date, the court considered Defendant Caterpillar Inc.'s Bill of Costs (Docket No. 30).

## BACKGROUND

Plaintiff Liberty Insurance Corp. A/S/O Efrain Martinez ("Liberty") sued Defendant Caterpillar Inc. ("Caterpillar") in state court for (1) negligence, (2) strict liability – design defect, (3) strict liability – manufacturing defect; and (4) strict liability – failure to warn. Docket No. 1, Ex. 1.  On February 6, 2013, Caterpillar removed the case to this Court on the basis of diversity jurisdiction.  This Court granted Defendant's motion for summary judgment and thereby dismissed the case on July 1, 2014.  The Court awarded costs to Caterpillar as the prevailing party, and Caterpillar filed its Bill of Costs on July 14, 2014.  Liberty has not challenged Caterpillar's requested costs.

## ANALYSIS

As the prevailing party, Caterpillar seeks $5,582.05 pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that costs "should be allowed as of course to the prevailing party." A party does not have to prevail on all issues to be entitled to an award of costs. *United States v. Mitchell*, 580 F.2d 789 (5th Cir. 1978). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as costs under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for the use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Witness fees under § 1920(3) are governed by 28 U.S.C. § 1821.

Caterpillar seeks $350.00 in fees for the clerk, $465.00 in fees for service of summons and subpoena and witness fees, $4,384.85 in fees for printed or electronically recorded transcripts, $106.00 in fees for disbursement and printing, $86.20 in fees for exemplification and the costs of making copies, and $190.00 in fees for compensation of interpreters.

A. **Fees of the Clerk**

Caterpillar seeks an award of $350.00 for fees of the Clerk to remove the case from the 25th Judicial District Court of Guadalupe County, Texas to this Court.  Docket No. 30, Ex. 1, at 3.  The Court will award $350.00 for the fees of the Clerk.

B. **Fees for Service of Summons and Subpoena & Witness Fees**

Caterpillar seeks an award of $465.00 for service of subpoenas on Efrain Martinez and Wayne Stephens to be deposed in this case, and for related witness and mileage fees.  This request is supported by three receipts: (1) $75.00 service fee, $45.00 witness fee, and $5.00 check charge for Efrain Martinez; (2) $75.00 subpoena fee, $45.00 witness fee, $40.00 mileage fee, and a $5.00 check charge for Wayne Stephens (dated February 12, 2014); and (3) $125.00 subpoena fee, $10.00 witness fee, and $40.00 mileage fee for Wayne Stephens (dated December 6, 2013).  Caterpillar states that Martinez was deposed on February 17, 2014 in Houston and Stephens was deposed on February 18, 2014 in Houston.

With regard to fees for service of the subpoenas, because § 1920 contemplates reimbursement for the cost of service by the Marshal, it is this Court's usual practice to permit service costs in the amount that would be charged by the Marshal, which is $55.  *Lear Siegler Servs v. Ensil Int'l Corp.*, Civ. A. No. SA:05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) ("The undersigned Judge has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal, which is currently $55.00."); *see also HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr.*, No. 5:07-CV-62, 2010 WL 536997, at *3 n.3 (S.D. Tex. Feb. 10, 2010) ("The Second, Sixth, Seventh and Eleventh Circuits also permit the taxation of private process server fees that do not exceed

the fee the marshal would have charged to effectuate service."). The subpoena service fees are therefore reduced to $55.

In addition, there are two separate subpoenas served on Wayne Stephens, the first on December 6, 2013 and the second served on February 12, 2014. Caterpillar has not demonstrated that the subpoena served on Wayne Stephens on December, 6, 2013 resulted in a deposition. Therefore, the Court will disallow costs associated with service of the December 6, 2013 subpoena and the associated witness and mileage fees.

With regard to the February 2014 depositions, the Court will award the $40 witness fees for each deposition and a $40 mileage allowance for Stephens. Section 1821(a)(1) states that "a witness in attendance at any court in the United States…or before any person authorized to take his deposition…shall be paid the fees and allowances provided by this section." *See* 28 U.S.C. § 1821(a)(1). A $40.00 per day witness fee is authorized by 28 U.S.C. § 1821(b)[1] and pursuant to § 1821(c)(2), "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . shall be paid to each witness who travels by privately owned vehicle."

Therefore, with regard to the three deposition-related receipts, the Court (1) reduces the $125 requested for the Efrain Martinez deposition to $95, which includes a $55 service fee and a $40 witness fee; (2) reduces the $165 requested for the Wayne Stephens 2014 deposition to $135, which includes a $55 service fee, a $40 witness fee, and a $40 mileage fee; and (3) does not award the $175 requested for the 2013 subpoena for Stephens. Accordingly, the $465 requested amount is reduced to $230.

---

[1] "A witness shall be paid by an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

### C. Fees for Printed or Electronically Recorded Transcripts

Caterpillar seeks costs for the transcripts of the depositions of Efrain Martinez, Wayne Stephens, and Christopher Ferrone, for a total of $4,384.85.

Costs related to the taking of depositions are allowed under § 1920(2) "if the materials were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for the use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). In addition, copies of depositions are allowed if they were necessarily obtained for use in a case pursuant to § 1920(4). *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004). Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 285–86. Deposition costs are generally allowed if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to counsel at the time it was taken. *Copper Liquor v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982).

Caterpillar's counsel attests that "[a]t the time each deposition was taken, Defendant reasonably expected the deposition to be used at trial or for trial preparation and summary judgment proceedings." Docket No. 30, Ex. 1, at 1. The Court finds that the deposition transcripts were necessarily obtained for use in the case.

Caterpillar's counsel further states that the fees paid include hard and electronic copies of the deposition transcripts, word indexes, condensed copies of the transcript, exhibits and shipment/delivery costs. *Id*. However, it is this Court's routine practice to disallow deposition

delivery costs, word indexes, and similar deposition costs. Caterpillar submits receipts reflecting the total fees paid for the depositions, but the receipts are not itemized and the Court is unable to determine the rate of charge for copies, word indexes, and delivery costs. Accordingly, the Court reduces the total amount of these fees by twenty-five percent because the bills are not itemized. Caterpillar's requested costs for deposition transcripts and recordings are therefore reduced, by a total of twenty-five percent, for a total award of $3,288.64.

### D.  Fees and Disbursements for Printing

Caterpillar seeks $106.00 in costs for the certified copies of the 25th Judicial District Court of Guadalupe County's file in this case and asserts that these copies were procured by Defendant as a requirement for removal. The Court allows the $106.00 reimbursement.

### E.  Fees for exemplification and the costs of making copies of any materials

Caterpillar seeks $86.20 in costs related to making copies of documents and materials produced by Defendant to Plaintiff in response to Plaintiff's discovery requests. Docket No. 30, Ex. 1, at 1. Caterpillar asserts that it reasonably believed that the documents and the materials would be used during trial or for trial preparation. *Id*. Caterpillar has not provided a receipt that shows the cost or rate of the charge for the copies, and thus the Court is unable to determine if the rate is reasonable. Therefore, the Court will not award the requested cost $86.20 for copies.

### F.  Compensation of Interpreters and Costs of Special Interpretation Services

Caterpillar seeks $190.00 in costs for the compensation of the interpreter at the deposition of Efrain Martinez. Docket No. 30, Ex. 1, at 2. Caterpillar has provided a receipt

for an interpreter, Gerardo Barchinello, for oral interpretation services during Efrain Martinez' deposition on February 17, 2014. Docket No. 30, Ex. 1, at 11–12. The Court allows the $190.00 reimbursement for the compensation of interpreters.

## CONCLUSION

The Court awards the following costs:

| | |
|---|---|
| $350.00 | Fees of the clerk; |
| $110.00 | Fees for service of summons and subpoena; |
| $3,288.64 | Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; |
| $106.00 | Fees and disbursements for printing; |
| $120.00 | Fees for witnesses; and |
| $190.00 | Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828. |

This amounts to a total award of costs of $4,164.64.

It is so ORDERED.

SIGNED this 7th day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE